**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

GEORGE E. BEASLEY, JR.,

       Plaintiff,

v.                                                    Case No.: 6:20-cv-883-WWB-EJK

WELLS FARGO BANK, NA and LILAC
GROUP - SANFORD, LLC,

       Defendants.

_____/

<u>**ORDER**</u>

THIS CAUSE is before the Court on Plaintiff's First Motion in Limine (Doc. 80) and Defendants' Responses (Doc. Nos. 87, 88) thereto. For the reasons set forth herein, the Motion will be granted in part.

**I.      BACKGROUND**

Defendant Lilac-Group Sanford, LLC ("**LGS**") owns a building and parking lot located in Sanford, Florida, which is managed and controlled by Defendant Wells Fargo Bank ("**Wells Fargo**"). (Doc. 1, ¶ 6). At around midnight on November 17, 2018, Plaintiff parked his car in the subject parking lot and went to a bar across the street. (*Id.* ¶ 25). Roughly thirty minutes later, Plaintiff was returning to his car in the parking lot when he was shot in the head. (*Id.* ¶ 26). Plaintiff brought a two-count Complaint against Defendants for negligence. (*Id.* ¶¶ 30–43, 45–58). Thereafter, the shooter was prosecuted in the Circuit Court of the Eighteenth Judicial Circuit in and for Seminole County, Florida. *See generally* Seminole Cnty. Clerk, *Criminal*, https://courtrecords.seminoleclerk.org/criminal/crim_details.aspx?d=PyiHYRxzXGQhhIE

%2bcRH7Hw%3d%3d (last visited Nov. 3, 2021). The shooter sought immunity from prosecution under Florida's Stand Your Ground law, which the state court denied. Order Denying Defendant's Motion to Declare Defendant Immune from Prosecution Pursuant to Florida Statute § 776.032 and to Dismiss Charges Pursuant to Florida Rule of Criminal Procedure 3.190, *Florida v. Lee*, No. 2018-CF-003657-A (Fla. 18th Cir. Ct. Feb. 3, 2020) ("**State Court Order**"). Plaintiff now seeks entry of an order precluding Defendants from presenting any evidence, testimony, questions, or argument related to the State Court Order.[1]

## II.    LEGAL STANDARD

"A court has the power to exclude evidence in limine only when evidence is clearly inadmissible on all potential grounds." *Stewart v. Hooters of Am., Inc.*, No. 8:04-cv-40-T-17-MAP, 2007 WL 1752843, at *1 (M.D. Fla. June 18, 2007). "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy, and potential prejudice may be resolved in proper context." *United States v. Gonzalez*, 718 F. Supp. 2d 1341, 1345 (S.D. Fla. 2010) (quotation omitted). "The movant has the burden of demonstrating that the evidence is inadmissible on any relevant ground." *Id.*

## III.    DISCUSSION

Plaintiff seeks to exclude evidence, testimony, questions, or argument related to the State Court Order under Federal Rules of Evidence 401, 402, and 403 because it is

---

[1] While Plaintiff should have attached the State Court Order to his motion, the Court takes judicial notice of the Order. *See* Fed. R. Evid. 201; *United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994) ("[A] court may take notice of another court's order only for the limited purpose of recognizing the judicial act that the order represents or the subject matter of the litigation." (quotation omitted)).

not relevant to his negligence claim, contains inadmissible hearsay, and any probative value of the State Court Order would be substantially outweighed by the dangers of unfair prejudice, confusing the issues, and misleading the jury. In response, LGS argues the State Court Order is admissible for its factual findings while Wells Fargo argues the State Court Order is admissible for determining credibility and damages, impeachment, and refreshing recollection.

The Court agrees with Plaintiff that the State Court Order is inadmissible under Federal Rule of Evidence 403 due to the danger of unfair prejudice. The Eleventh Circuit has held that even when a different court's order is not offered for the truth of the matter asserted, the admission of another court's order containing factual findings is highly prejudicial. *U.S. Steel, LLC v. Tieco, Inc.*, 261 F.3d 1275, 1286–87 (11th. Cir. 2001). Indeed, it has been found to be an abuse of discretion to admit into evidence another court's opinion for a jury's consideration. *Id.* at 1288; *see also Johnson v. Clark*, No. 2:03CV490FTM, 2006 WL 289107, at *1–2 (M.D. Fla. Feb. 7, 2006). The State Court Order includes findings of fact that the state court found to be established by clear and convincing evidence. Defendants argue these findings of fact contained in the State Court Order will be helpful to the jury, however, "judicial findings of fact present a rare case where, by virtue of their having been made by a judge, they would likely be given undue weight by the jury, thus creating a serious danger of unfair prejudice." *Nipper v. Snipes*, 7 F.3d 415, 418 (4th Cir. 1993) (quotation omitted). The findings of fact are also hearsay. *See* Fed. R. Evid. 801(c); *U.S. Steel, LLC*, 261 F.3d at 1287 (concluding factual findings made in a separate case by a state judge were hearsay). Accordingly, Defendants will be prohibited from offering the State Court Order into evidence at trial and from presenting

testimony, questions, or argument to the extent it is intended to prove the truth of the matters asserted in the State Court Order. *See Johnson*, 2006 WL 289107, at *2.

To the limited extent Defendants seek to use the State Court Order to refresh Plaintiff's recollection at trial or as evidence that a judicial proceeding took place, Plaintiff has failed to meet his burden in establishing that such testimony, questions, or argument are inadmissible on all grounds, and therefore, his request will be denied without prejudice in this respect.

Accordingly, it is **ORDERED** and **ADJUDGED** that Plaintiff's First Motion in Limine (Doc. 80) is **GRANTED in part** as set forth in this Order and **DENIED without prejudice** in all other respects.

**DONE AND ORDERED** in Orlando, Florida on November 4, 2021.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record